Jones, J.
I think a stay of proceedings should not.be granted, for the reason that there has been great laches in *550 making this motion, which laches is wholly unaccounted for.
The main and real defense to this action is indicated in the affidavit used in behalf of the defendant on the motion to vacate the order of arrest issued in the action. That defense is, that it is a custom of trade among jewelry commission merchants doing business at Hew Orleans to send their principals’ goods into Mexico for sale; that the defendant, being such merchant, did, according to that custom, send- the plaintiff’s (his principal) goods to Mexico for sale by one Lucius H. Shusel, his confidential clerk and traveling agent; that said Shusel was taken sick and robbed of the goods in question.
The defendant could have required no time to ascertain that Shusel was a necessary witness; nor was any communication with Shusel requisite to enable the defendant’s attorney to draw the proper interrogatories. Hor does it appear that the defendant did not know, in September, 1866, where Shusel resided.
As to the custom. In order to aid the defendant, that must be a well known, established general custom of the trade. If that were the nature of the custom, I am at a loss to conceive why the defendant (he being in the trade) could not, in September, 1866, have given his attorney the names of sufficient witnesses to prove it. Every person engaged in the trade must have known the custom, and the defendant, being in the trade, must have known, to a great extent, who were engaged in it. The interrogatories necessary to be put to prove the custom are so simple that no conference with the. witnesses is necessary. At all events, the names of persons who could testify to the cus-. tom could have been obtained, with slight diligence, in the month of October.
The matters proposed to be proved—that there was a general though secret removal of goods from Hew Orleans, *551 to avoid confiscation, and the state of the Confederate laws and military regulations, are clearly, inadmissible, because the defendant did not send the goods to Mexico for any such reasons.
The proposed testimony as to Shusel’s absence, and as to what he brought back, is clearly inadmissible.
There is no. sufficient reason shown why the necessary information as to witnesses to prove Shusel’s character could not have been obtained as early as November 1, 1866. As early as September 29, 1866, the defendant knew what his defense was to be, and knew the line of proof necessary to support it. If any degree of diligence had been used, it is hardly possible but that all the information necessary to move for a commission, and to prepare the necessary interrogatories, could have been obtained as early as ¡November 1, 1866.
The excuse offered in the moving papers is wholly insufficient to authorize a stay, after the cause has been called for trial.
Motion for a commission granted, but a stay denied, without costs.